IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Montgomery Division

2013 JUN 28  A 11: 55

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| **FERMER PRINCE,** | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. |
|  | ) 2:13-cv-462 |
| v. | ) |
|  | ) |
|  | ) |
| **LVNV FUNDING LLC** | ) |
|  | **JURY TRIAL** |
|  | **DEMANDED** |

**Defendants**

## COMPLAINT

This action arises out of the efforts of the defendants, a debt collector to collect a debt which was claimed to be due from the plaintiff, Fermer Prince. LVNV Funding LLC, a company which buys and collects delinquent debts, acting through its attorneys, filed a lawsuit against Mrs. Prince in the Montgomery County Small Claims Court seeking to collect this alleged debt. They did this with knowledge that the claim debt was disputed, without having evidence to back up their claims and without even having evidence to show that LVNV had standing to assert these claims. In fact, Mrs. Prince did not owe the amounts claimed and communicated this to LVNV's attorneys who none the less sued Mrs. Fermer anyway. When the court date came and Mrs. Prince appeared with an attorney to dispute the claims made in the collection lawsuit, the defendants did not attempt to present any evidence to support their claims and judgment was entered in favor of Mrs. Prince.

This pattern -- filing suit when the debt is disputed without even verifying the debt is correct and having no evidence to support the claim and with no intention to go to trial -- is common with debt buyers such as LVNV. In fact the alleged debts, such as this one, are purchased by debt collectors such as LVNV from banks and other financial institutions with "No Recourse", and with no guarantees that the debts are even legitimate. LVNV filed the lawsuit against Mrs. Prince knowing that the debt was disputed and without even verifying the debt was accurate. Furthermore they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from her without going to trial and /or having sufficient evidence to support the lawsuit, either by getting a default judgment or by getting her to agree to make payments. It didn't work in this case only because Mrs. Prince was represented by counsel and contested their claims.

These actions violated Mrs. Prince's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action she is asserting claims against the defendants under that Act. She also seeks damages for wanton or willful misconduct under Alabama law. She also seeks actual, statutory and punitive damages and her costs and attorney's fees in this action.

### Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §1692k(d) and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for wanton and willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

## Parties

4. The plaintiff, Fermer Prince, is an adult resident of Montgomery, Alabama, which is located in Montgomery County.

5. Defendant LVNV Funding LLC, is a Delaware limited liability corporation with its principal offices located in Las Vegas, Nevada. Among other things, LVNV Funding is engaged in the business of buying and collecting alleged delinquent debts.

## Statement of Facts

6. On or about July 16, 2012, LVNV filed a lawsuit against the plaintiff, Fermer Prince, in the Montgomery County Small Claims Court. The case was styled *LVNV Funding LLC v. Fermer Prince*, Case No. *SM-2012-903319* (hereafter referred to as "the Montgomery County lawsuit").

7. LVNV was represented in the Montgomery County lawsuit by Zarzaur & Schwartz PC.

8. In the Montgomery County lawsuit, LVNV sought a judgment in the amount of $2,465.85, plus court costs of $126.00.

9. The complaint and summons in the Montgomery County lawsuit were served on Mrs. Prince on or about September 27th 2012.

10. On or about October 11, 2012, Mrs. Prince, acting pro se, filed an Answer in the Montgomery County lawsuit denying that she owed the money claimed by LVNV.

11. By Order entered on October 24, 2012 Judge Pamela Higgins of the Montgomery County Small Claims Court set the Montgomery County lawsuit for a hearing on February 15

2013. In that Order, Judge Higgins stated:

> THIS IS YOUR DAY IN COURT. PLEASE BRING ALL EVIDENCE AND WITNESSES NEEDED TO SUPPORT YOUR POSITION IN THIS MATTER.

12. On February 15 2013 Mrs. Prince appeared in the Montgomery County Small Claims Court accompanied by her attorney, William D. Azar.

13. On February 15 2013, LVNV appeared in the Montgomery County Small Claims Court by its counsel, Margaret McClure Hammond of the law firm of Zarzaur & Schwartz.

14. When she appeared in court on August 16, 2012, Ms. Hammond did not have witnesses or other evidence sufficient to establish LVNV's claims against Mrs. Prince.

15. After LVNV's failure present any evidence to support it's claims against Mrs. Prince the Court entered judgment in favor of Mrs. Prince.

16. At no time up to and including the date of the trial on February 15, 2013, did LVNV have evidence sufficient to establish that Mrs. Prince owed LVNV the amounts they claimed.

17. On information and belief, at no time up to and including the date of the trial on February 15, 2013 LVNV have evidence sufficient to establish that LVNV was the rightful owner of the debt at issue and that it was entitled to collect any sums which might be due under that debt..

18. When LVNV filed the Montgomery County lawsuit, they had no intention of obtaining the evidence which might be needed to establish LVNV's claims in court, and they had no intention of taking that suit to trial and putting on evidence to establish LVNV's claims. Instead, their goal was to obtain either a default judgment or an agreement from Mrs. Prince to pay the sum claimed or some lesser sum.

19. The strategy described in Paragraph 30 above is one which is commonly followed by

debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

20. On information and belief, the strategy described in Paragraph 30 above is one which is commonly followed by LVNV in the lawsuits they file to collect alleged debts.

21. As a result of LVNV having filed the Montgomery County lawsuit, Mrs. Prince was forced to spend a great deal of time working on this case to defend her interests.

22. Mrs. Prince incurred expenses in defending the Montgomery County lawsuit for attorney's fees in the amount of $1000.00.

23. As a result of the actions of LVNV as described in this Complaint, Mrs. Prince suffered the stress of having to defend herself in a lawsuit seeking money she did not owe and of having to incur a fee to her attorney. Furthermore these actions of the defendants caused Mrs. Prince emotional distress, anger, shame, frustration, fear and humiliation for the duration of the underlying lawsuit.

## First Cause of Action:
## Violations of the FDCPA

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

24. With regard to the collection of the amounts claimed to be owed to LVNV by Mrs. Prince, as described in this Complaint, plaintiff Fermer Prince was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

25. In its actions to collect this debt from Mrs. Prince, as described above, defendant LVNV Funding LLC was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

26. In their efforts to collect money claimed to be due from Mrs. Prince, as described in this Complaint, the defendant violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

(e) failing to verify that the alleged debt was owed by Mrs. Prince.

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

27. The actions of LVNV, as described in this Complaint, forced Mrs. Prince to spend time working on and worrying about how to deal with their lawsuit, caused her to incur attorney's fees in the amount of $1000.00, and caused her stress which resulted in emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Fermer Prince, by counsel, hereby asks this Court to grant her the following relief under her First Cause of Action:

(a) judgment in favor of Mrs. Prince and against defendant LVNV Funding LLC for her actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C.

§1692k(a)(1);

(b) judgment in favor of Mrs. Prince and against defendant LVNV Funding LLC in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) an award of her costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.

## Second Cause of Action:
## Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

28. The actions taken by the defendant in attempting to collect the alleged debt from Mrs. Prince, as described above, were actions taken in knowing or reckless violation of Mrs. Prince's legal rights.

29. The actions taken by the defendant, as described above, are pattern and practice of actions designed to make money through abusive and potentially unlawful tactics which LVNV knew or should have known were abusive, and potentially unlawful and would cause Mrs. Prince financial loss and other harm.

30. The actions of the defendant, as described above, did in fact cause Mrs. Prince to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Fermer Prince, by counsel, asks this Court for the entry of judgment against defendant LVNV Funding LLC for wanton or willful misconduct, in an amount sufficient to compensate her for her damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against this

defendant for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

## Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

*Fermer J. Prince*

FERMER PRINCE
Plaintiff
By Counsel

/s/ *William D. Azar*
William D. Azar (AZA005)
Attorney for plaintiff Fermer Prince
William D. Azar Attorney PC
ASB3731Z59W
800 South McDonough St.
Montgomery, Al. 36104
(334)269-9700
Fax 263-3988
wdazar@al-lawyers.com